UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

FRANCISCO M. VAZQUEZ,

    Plaintiff,

    v.     CAUSE NO. 1:23-CV-304-DRL-MGG

ALLEN COUNTY JAIL,

    Defendant.

OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed a complaint against the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Vazquez alleges that, on June 29, 2023, jail staff suspended access to his tablet and phone. ECF 1 at 2. His tablet assess was suspended because he helped another inmate with legal matters. *Id*. Mr. Vazquez says, after his phone was suspended, he could not contact his family because he did not have their new address. *Id*. He says jail staff was aware of the situation and did not offer him a means by which to get in touch with his

family. *Id*. Mr. Vazquez asserts he has suffered as a result of not having contact with his family. *Id*.

Prisoners have a First Amendment right to communicate with individuals outside the prison, but it is not an unqualified right. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989).

> A prison policy decision that impinges on an inmate's constitutional rights does not violate the Constitution if the decision is reasonably related to legitimate penological interests. The Supreme Court has set forth four factors for the Court to consider in making this determination:
> (1) whether there was a rational connection between the decision to deny [access to a tablet and phone] and the legitimate penological interest put forward to justify the denial;
> (2) whether alternative means of exercising the right remained open to the plaintiffs;
> (3) what impact accommodation of the asserted right would have on guards and other inmates; and
> (4) whether obvious, easy alternatives existed to accommodate the plaintiffs' rights at de minimis cost to valid penological interests, tending to show that the denial was an exaggerated response to prison concerns.

*Nigl v. Litscher*, 940 F.3d 329, 333 (7th Cir. 2019) (quotations, citations, and footnote omitted) (citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)).

In this case, Mr. Vazquez has not named the individual who was responsible for suspending his phone and tablet access and how long his access was denied. Instead, he has named the Allen County Jail as a defendant, but this is a building, not a "person" or policymaking body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed on his claim.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Vazquez may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Francisco M. Vazquez until **September 8, 2023**, to file an amended complaint; and

(2) CAUTIONS Francisco M. Vazquez if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 10, 2023                              *s/ Damon R. Leichty*
                                             Judge, United States District Court